UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON BAYTOPS,

        Petitioner,        Case No. 2:22-cv-12170
                              Hon. George Caram Steeh

v.

NOAH NAGY,

        Respondent.
_____/

**ORDER: (1) DENYING PETITIONER'S MOTION TO APPOINT COUNSEL, (2) DENYING RESPONDENT'S MOTION TO DISMISS, AND (3) GRANTING PETITIONER'S MOTION TO STAY (ECF Nos. 6, 10, and 12)**

Milton Baytops filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Baytops is serving a lengthy prison sentence for his Alpena Circuit Court jury trial conviction of possession with intent to deliver less than 50 grams of heroin. The habeas petition presents several grounds for relief that were not exhausted during state court review. Before the Court are motions filed by Respondent to dismiss the case on lack of exhaustion grounds, and responsive motions filed by Petitioner to appoint counsel and to hold the petition in abeyance while he attempts to exhaust all of his habeas claims.

**I**

Baytops was convicted and sentenced following a jury trial in 2019. After his conviction, Baytops filed a direct appeal in the Michigan Court of Appeals, raising four allegations of ineffective assistance of counsel (IAC), and a claim regarding an order of restitution. (ECF No. 11-10.) The Court of Appeals rejected the IAC claim but remanded the case to the trial court to modify the restitution order. (*Id.*, PageID.486.) Baytops appealed to the Michigan Supreme Court, raising the same IAC claims, but his application for leave to appeal was denied on June 1, 2021. (ECF No. 11-11, PageID.727.)

Baytops then returned to the trial court and filed a motion for relief from judgment. The motion raised claims related to the search warrant, four allegations of prosecutorial misconduct, six IAC allegations, and a claim of ineffective assistance of appellate counsel. (ECF No. 11-8.) The trial court denied the motion by order dated August 3, 2022. (ECF No. 11-9.) Baytops did not appeal.

Baytops filed the instant action on or about September 13, 2022. His habeas petition raises a jurisdictional claim, eight IAC allegations, five allegation of prosecutorial misconduct, and five claims of judicial misconduct. (ECF No. 1.) It appears that at least some of Baytops habeas claims were not raised in either his appeal of right or in his motion for relief from judgment. In particular, Baytop now argues that there was a personal relationship between police officers and a police

2

informant that drove fabricated criminal proceedings against him, that the prosecutor suppressed evidence of his innocence, that the police falsified evidence regarding the quantity of drugs seized, and that the trial judge suppressed evidence of his innocence. (ECF No. 1, PageID.5-10.)

## II

The parties agree that Baytops has not fully exhausted all his habeas claims. The difference between the positions of the parties is that Respondent asks for the petition to be dismissed without prejudice so that Baytops may attempt to exhaust all of his claims, and Baytops asks that the petition be held in abeyance while he does so.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Baytops's appeal of right concluded on June 1, 2021, when the Michigan Supreme Court denied his application for leave to appeal. The statute of limitations

commenced 90 days later. *See* 28 U.S.C. § 2244(d)(1)(A). Baytops's filed his motion for relief from judgment in June of 2022, and it was denied on August 3, 2022, with only a few months remaining of the limitations period. Baytops filed his habeas petition a few weeks later in September of 2022. The statute of limitations therefore poses a legitimate concern if the petition were dismissed without prejudice on exhaustion grounds. Furthermore, as outlined above, some of Baytops' new claims appear to be based on new or additional information, suggesting "good cause" for the failure to previously raise them in the state courts. Nor without any record concerning these new claims can the Court conclude that they are plainly meritless. Finally, it does not appear that Baytops is engaged in dilatory tactics.

The Court notes that some of Baytops's unexhausted claims are better understood as being procedurally defaulted. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Specifically, it is not clear that the claims raised in Baytops's first motion for relief from judgment but then not appealed in the state courst can be re-raised in a second post-conviction proceeding. *See* MICH. CT. R. 6.508(D)(2). To the extent Baytops is attempting to raise new claims based on newly discovered evidence and/or is claiming that he can demonstrate his actual innocence, however, he may have an available state court remedy under Michigan Court Rule 6.502(G)(2).

4

The Court therefore concludes that a stay is warranted. The Court will hold the habeas petition in abeyance while Baytops attempts to exhaust his unexhausted claims in the state courts.

Because the case will be stayed, Baytops's motion for appointment of counsel in this action is denied as moot.

### III

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that Baytops's motion for appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that Baytops's motion to stay proceedings is **GRANTED.** The stay is conditioned upon Baytops fully exhausting his state court remedies in the manner provided under Michigan law. The stay is further conditioned on Baytops's return to this Court, with a motion to reopen and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009)(discussing similar procedure). If Baytops fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Smiths' claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

s/George Caram Steeh
George Caram Steeh
United States District Court

Dated: May 25, 2023